UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURA ORTIZ, Individually and as Representative of the Estate of ROBERT LOPEZ, Deceased | § § § § | |
| VS. | § § | CIVIL ACTION NO.: 23-CV-125 |
| WAL-MART STORES TEXAS, LLC and DAVID MESCHI | § § | JURY DEMANDED |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Wal-Mart Stores Texas, LLC and David Meschi, file this Notice of Removal pursuant to 28 U.S.C. § 1441, as follows:

### Commencement and Service

1. On December 27, 2022, Plaintiff, Laura Ortiz, Individually and as Representative of the Estate of Robert Lopez, Deceased, commenced this action against Wal-Mart Stores Texas, LLC and David Meschi by filing Plaintiff's Original Petition in the 408th District Court of Bexar County, Texas, Cause No. 2022CI24656; *Laura Ortiz, Individually and as Representative of the Estate of Robert Lopez, Deceased v. Wal-Mart Stores Texas, LLC and David Meschi*. A copy of Plaintiff's Original Petition is attached hereto as **Exhibit A**. Wal-Mart Stores Texas, LLC received service of process and Plaintiff's Original Petition on January 3, 2023. A copy of the Return of Service/Citation is attached hereto as **Exhibit B**. David Meschi received service of process and Plaintiff's Original Petition on January 9, 2023. A copy of the Return of Service/Citation is attached hereto as **Exhibit C**.

2. On January 19, 2023, Wal-Mart Stores Texas, LLC and David Meschi filed their Original Answer to Plaintiff's Original Petition which is attached as **Exhibit D** and Demand for Jury Trial,

attached as **Exhibit E.** Wal-Mart Stores Texas, LLC and David Meschi filed their First Amended Answer to Plaintiff's Original Petition on February 2, 2023, which is attached as **Exhibit F.**

3. This notice of removal is filed within thirty days (30) of the receipt of the Plaintiff's Original Petition which discloses that this matter involves an amount in controversy that or which exceeds $75,000.00 and is timely filed under 28 U.S.C. § 1446(b). This notice of removal is filed within one year of the commencement of this action and is thus timely pursuant to 28 U.S.C. § 1446(b).

## Grounds for Removal

4. Wal-Mart Stores Texas, LLC is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between proper parties with diverse citizenship. **See Exhibit A, Plaintiff's Original Petition, first paragraph on page 6, "Plaintiff seeks monetary relief overt $1,000,000.00."**

## Diversity of Citizenship

**A.** *This is an action between proper parties with diversity of citizenship.*

5. Plaintiff is a citizen of Texas.

6. Defendant Wal-Mart Stores Texas, LLC is a limited liability company formed under the laws of Delaware, with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Real Estate Business Trust. Wal-Mart Real Estate Business Trust is a Delaware statutory trust with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136

S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co. Wal-Mart Property Co. is a corporation formed under the laws of the State of Delaware with its principal place of business in the State of Arkansas. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas. Accordingly, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

**B.      *David Meschi, an employee of Walmart, is improperly joined and his citizenship should be disregarded.***

7.      David Meschi, an employee at the Walmart store where the alleged incident occurred, is a Texas citizen.

8.      At the time suit was filed, and at the time of this removal action, David Meschi was an employee of Walmart serving as the store manager of Walmart store #5145 located at 1603 Vance Jackson Rd., San Antonio, Texas 78213.

9.      The citizenship of David Meschi should be disregarded for diversity purposes because he has been improperly joined in this suit. Plaintiff alleges that Defendants breached their duty of care in their failure to correct an unreasonably dangerous condition. (*See* Plaintiff's Original Petition, pg. 3 attached hereto as **Exhibit "A"**).

10.     However, there is no possibility that the Plaintiff can establish a cause of action against Walmart's manager, David Meschi, and as such, his in-state citizenship should be ignored when determining diversity jurisdiction. See *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98 ,100 (5th Cir. 1990); *B. Inc. v. Miller Brewing Co.*, 663 F. 2d 545, 549 (1981).

11.     Further, there have been no allegations, and the facts do not support, that David Meschi owes the Plaintiff any independent duty of reasonable care apart from that duty owed by his employer, Walmart, and as such, there is no reasonable possibility of recovery against him in his individual capacity.  See *Chon Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005); *Leitch v. Hornsby*, 935 S.W. 2d 114, 117 (Tex. 1996); *Gipson v. Wal-Mart Stores Texas, LLC*, 2008 WL 4844206 (S.D. Tex.) (holding that employee did not owe a customer a duty of reasonable care independent from the duty owed by the employer); *Allen v. Home Depot U.S.A., Inc.*, SA-04-0CA703XR, 2004 WL 22700001 (W.D. Tex. Oct 6, 2004) (holding that there was no possibility of recovery against manager for negligent supervision claim).  Various Federal District Courts have also held that joinder of a retailer's manager was improper because the manager did not owe an independent duty of care to customer.

12.     The joinder of David Meschi in this suit is simply for the purpose of defeating diversity jurisdiction and there is no basis in Texas law for his joinder.

13.     Plaintiff has no reasonable basis of recovery under Texas law against David Meschi in his individual capacity.  Therefore, because the Walmart employee, David Meschi, has been improperly joined as a Defendant in this lawsuit, his citizenship should not be considered by the Court in determining whether complete diversity exists in this case.  If his citizenship is properly

disregarded, it cannot be disputed that complete diversity exists between the other proper parties for removal purposes and therefore, diversity of citizenship exists among the proper parties.

### Amount in Controversy

14.   The amount in controversy exceeds the sum of $75,000. **See Exhibit A, Plaintiff's Original Petition at page 6.**

### Venue

15.   Venue lies in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the Plaintiff filed the state court action in this judicial district and division.

### Notice

16.   Contemporaneous with the filing of this notice of removal, Defendants will give notice of this filing to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendants will also file with the clerk of the state court and will serve upon Plaintiff's counsel and all other parties" counsel of record, a notice of the filing of this notice of removal.

### Jury Demand

17.   Defendants demanded a jury trial in the state court action.

### State Court Pleadings

18.   Copies of state court pleadings which are referenced within the Notice are attached to this Notice of Removal as **Exhibits A through F.** This case is being removed from the 408th Judicial District Court of Bexar County, Texas.

### Exhibits to Notice of Removal

19.   The following documents are attached to this Notice as correspondingly lettered exhibits:

    A.    Plaintiff's Original Petition.
    B.    Return of Service/Citations on Wal-Mart Stores Texas, LLC.

C.  Return of Service/Citations on David Meschi.
D.  Defendants' Original Answer to Plaintiff's Original Petition.
E.  Defendants' Demand for Jury Trial.
F.  Defendants' First Amended Answer to Plaintiff's Original Petition.
G.  Request for Process.
H.  Request for copies.
I.  Register of Actions.
J.  List of Counsel of Record.

WHEREFORE, Defendants, Wal-Mart Stores Texas, LLC and David Meschi pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 408th Judicial District Court of Bexar County, Texas.

>Respectfully submitted,
>
>DAW & RAY
>A LIMITED LIABILITY PARTNERSHIP
>
>*/s/ James K. Floyd*
>James K. Floyd; SBN: 24047628
>Email: jfloyd@dawray.com
>Elizabeth W. Yancy; SBN: 24098642
>Email: eyancy@dawray.com
>14100 San Pedro, Suite 302
>San Antonio, Texas 78232
>(210) 224-3121 Telephone
>(210) 224-3188 Fax
>**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all known counsel of record in accordance with the FRCP on this the 2nd day of February, 2023.

Andrew E. Toscano
Gene Toscano, Inc.
846 Culebra Road
San Antonio, Texas 78201
**ATTORNEY FOR PLAINTIFF**

*/s/ James K. Floyd*
James K. Floyd